UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN D. FRUTH, et al.,

        Plaintiffs,

    v.

AGCS MARINE INSURANCE
COMPANY, et al.,

        Defendants.

Case No. 15-cv-03311-JD

**ORDER DENYING CERTIFICATION
OF INTERLOCUTORY APPEAL AND
LEAVE TO FILE MOTION FOR
RECONSIDERATION**

Re: Dkt. No. 49

On March 31, 2016, the Court referred this case to the American Arbitration Association ("AAA") for determination of arbitrability and possible arbitration pursuant to the terms of an insurance contract between the parties.  Dkt. No. 48.  The order involved a straightforward application of *Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015), to the facts of this case. Plaintiffs John Fruth and Dream On Limited now ask for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) or alternatively leave to seek reconsideration of the arbitration order. Dkt. No. 49.  The Court finds these matters suitable for decision without oral argument under Civil Local Rules 7-1(b) and 7-9(d) and denies both requests.

Plaintiffs have not identified any reason to abandon the final judgment rule here in favor of a piecemeal appeal.  An interlocutory appeal should be considered only in exceptional circumstances and when the requirements of 28 U.S.C. § 1292(b) are satisfied.  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  Section 1292(b) limits the possibility of an interlocutory appeal to the rare case when an order involves "a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  To avoid the chaos that would inevitably follow from the willy-nilly allowance of pop-up appeals, the decision to certify an order for interlocutory review is committed to the district's court discretion.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); *Heaton v. Soc. Fin., Inc.*, No. 14-CV-

2  05191-TEH, 2016 WL 232433, at *2 (N.D. Cal. Jan. 20, 2016) (the district court's discretion over

3  certification is "unfettered").

4           Nothing in plaintiffs' motion comes close to meeting these high standards.  For the most

5  part, plaintiffs' argument is simply that they disagree with the Court's arbitration order.  That is, of

6  course, nowhere near enough to go forward with immediate appellate review.  Plaintiffs try to

7  portray their disagreement as raising a disputed question of controlling law by pointing to a district

8  court decision in Montana, *Galilea, LLC v. AGCS Marine Ins. Co.*, No. CV 15-84-BLG-SPW,

9  2016 WL 1328920 (D. Mont. Apr. 5, 2016), where the court decided arbitrability itself.  But that

10  case does not bear the weight plaintiffs place on it.  The main material difference between that

11  case and this one is an issue of fact and not of controlling law.  The court in *Galilea* reached

12  arbitrability because it found the plaintiffs to be unsophisticated.  *Id*. at *3.  In this case, the record

13  persuaded the Court that the plaintiffs showed more than enough sophistication to fall comfortably

14  within *Brennan* for referral of arbitration to the AAA.  The difference between the cases does not

15  turn on a "question of law" suitable for potential interlocutory appeal, *Matsunoki Grp., Inc. v.

16  Timberwork Or., Inc.*, No. 08-CV-04078-CW, 2011 WL 940218, at *2 (N.D. Cal. Feb. 18, 2011),

17  and certainly does not evince a substantial disagreement among the district courts meriting

18  immediate circuit court attention.

19           Consequently, plaintiffs have not met their burden of showing "exceptional circumstances"

20  warranting interlocutory review.   They also have not shown that reconsideration of the Court's

21  order is warranted.  Plaintiffs' papers merely rehash their prior arguments and fail to satisfy the

22  requirements of Civil Local Rule 7-9(b) for reconsideration.  The Court denies certification under

23  Section 1292(b), and denies leave to file a motion for reconsideration.

24           **IT IS SO ORDERED.**

25  Dated: April 22, 2016

26

27

28                                                              _____
                                                                  JAMES DONATO
                                                                  United States District Judge

2